**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CLIO HOLDINGS, LLC, *et al.*,[1] | Case No. 20-10080 (BLS) <br> (Jointly Administered) |
| Debtors. | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS**

The Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements") filed by Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of the above-captioned debtors (collectively, the "Debtors") were prepared by Giuliano Miller & Company, LLC ("GMCO") as accountant and financial advisor for the Trustee, with the assistance of certain of the Debtors' former employees and Archer & Greiner, P.C. ("Archer" and, together with GMCO, the "Chapter 7 Trustee's Professionals"), as counsel for the Trustee, and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

The Debtors' Schedules and Statements were prepared from financial data derived from the Debtors' books and records that were available at the time of preparation of the Schedules and Statements. While the Trustee and the Chapter 7 Trustee's Professionals have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Trustee may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete or accurate.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Clio Holdings, LLC (7850); Clio Intermediate, LLC (2791); Top Master Acquisition, LLC (2670); Granite Source Acquisition, LLC (1334); Solid Surfaces, Inc. (7057); USM Acquisition, LLC (8119); Premier Surfaces Acquisition, LLC (4563).

The Schedules and Statements have been signed by the Trustee. Accordingly, in reviewing and signing the Schedules and Statements, the Trustee necessarily relied upon the efforts, statements, and representations of the Chapter 7 Trustee's Professionals and the Debtors' former employees. The Trustee has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

The Global Notes supplement and are in addition to any specific notes contained in each Debtor's respective Schedules or Statements. Furthermore, the fact that the Chapter 7 Trustee's Professionals have prepared Global Notes or specific notes with respect to each of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Trustee to exclude the applicability of such Global Notes or specific notes to any of the Debtors' other Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

**1.    *Description of Cases.*** On January 15, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing these chapter 7 bankruptcy cases (the "Chapter 7 Cases"). On January 15, 2020, the Trustee was appointed as chapter 7 trustee of the Estates pursuant to section 701(a) of the Bankruptcy Code. The section 341(a) meeting of creditors was held and concluded. On January 24, 2020, the Court entered an order providing for the joint administration of the Chapter 7 Cases for procedural purposes only, with Case No. 20-10080 (BLS) (Clio Holdings, LLC, *et al*.) designated as the lead case. Prior to the Petition Date, the Debtors were companies engaged in the business of selling, fabricating and installing countertops. The Debtors operated in four geographic regions: the Mid-Atlantic (Granite Source Acquisition LLC – Virginia), the Midwest (Top Master Acquisition LLC – Iowa, Kansas, Minnesota, Missouri, and Nebraska; USM Acquisition, LLC – Michigan, Tennessee; Clio Holdings LLC – Minnesota), the Northeast (Solid Surfaces, Inc. – New York), and the Southeast (Premier Surfaces Acquisition LLC – Alabama, Georgia, and Tennessee), with several warehouses, several fabrication locations, and various store-fronts in approximately 18 locations.

**2.    *"As Of" Information Date.*** To the best of the Trustee's knowledge, the asset information provided herein, except as expressly noted otherwise, with respect to all claim amounts in Schedule E/F and the proceeds in the Debtors' bank accounts listed in Schedule A/B, is as of Date of the Petition Date. Amounts ultimately realized may vary from liquidation value (or whatever value was ascribed) and such variance may be material. Accordingly, the Trustee reserves all of his rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

3. ***General Reservation of Rights.*** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Trustee reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to any claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Trustee that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (a) liability, or (b) amounts due or owed, if any, by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Chapter 7 Cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4. ***GAAP.*** Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

5. ***Causes of Action.*** Despite his reasonable efforts to identify all known assets, the Trustee may not have listed all of the estates' causes of action or potential causes of action against third parties as assets in the Schedules and Statements. The Trustee reserves all of his and the estates' rights with respect to any Claims or causes of action (including avoidance actions), controversy, right of setoff, crossclaim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") the estates may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

6. ***Recharacterization.*** The Trustee has made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements. Nevertheless, the Trustee may not have accurately characterized, classified, categorized, or

designated certain items. The Trustee reserves all of his rights to re-characterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

7. ***Liabilities.*** The Trustee has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Trustee reserves the right to amend the Schedules and Statements as he deems appropriate in this regard.

8. ***Excluded Assets and Liabilities.*** The Trustee has excluded certain categories of assets and liabilities from the Schedules and Statements and certain accrued expenses. The Trustee has excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage Claims exist. In addition, certain immaterial or de minimis assets and liabilities may have been excluded.

9. ***Property and Equipment.*** Unless otherwise indicated, owned property (including real property) and equipment are stated at liquidation value. The Debtors may have leased furniture, fixtures, and equipment from certain third-party lessors. The Trustee has attempted to list such leases but acknowledges that certain leases or other executory contractrs may have been missed. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Trustee reserves all of his rights with respect thereto.

10. ***Estimates.*** To prepare and file the Schedules and Statements in accordance with the deadline established in these bankruptcy cases, the Chapter 7 Trustee's Professionals were required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Trustee reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

11. ***Executory Contracts.*** Although the Trustee has made diligent attempts to properly identify the Debtor counterparty or counterparties to each executory contract on Schedule G, it is possible that more Debtor entities are counterparties to certain executory contracts on Schedule G than listed herein. The Trustee reserves all of his rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Trustee has made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claim(s) held by any counterparty to such contract or lease. Furthermore, while the Trustee has made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

12. ***Insiders.*** The Trustee has attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." As to each

4

Debtor, an individual or entity is designated as an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to unqualifiedly dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved. Furthermore, certain of the individuals identified above may not have been insiders for the entirety of the 12-month period, but the Trustee has included them herein out of an abundance of caution. The Trustee reserves all rights with respect thereto. The failure to list a party as an "insider" is not intended to be, nor should it be, construed as an admission that such party is not an "insider," and the Trustee reserves all rights with respect thereto.

13. *Totals.* All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

14. *Unliquidated Claim Amounts.* Claim amounts that could not be quantified by the Trustee are scheduled as "unliquidated."

15. *Setoffs.* The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers or vendors. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although the impact of such offsets and other similar rights may have been accounted for when certain net amounts were included in the Schedules, offsets are not independently accounted for, and as such, are not included separately in the Debtors' Schedules and Statements.

16. *Global Notes Control.* In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

1. *Schedule A/B.* Despite his reasonable efforts to identify all known assets, the Trustee may not have listed all of the estates' Causes of Action or potential Causes of Action against third parties as assets in the Schedules and Statements. The Trustee reserves all of his and the estates' rights with respect to any Causes of Action that the estates may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The current value of the Debtors' interest in checking, savings, money market, or financial brokerage accounts listed on Schedule A/B is as of the Petition Date.

2. ***Schedule E/F, General Note.*** All claim amounts listed on Schedule E/F are as of Date of the Order for Relief.

3. ***Schedule E/F, Part 2: Creditors Holding Non-Priority Unsecured Claims.*** The Trustee has used his reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

The Trustee has attempted to relate all liabilities to each particular Debtor. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Trustee reserves all rights to assert any such setoff or recoupment rights.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases, to the extent such damage claims exist, that have been or may be rejected.

4. ***Schedule G.*** As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business. Such documents also are not set forth in Schedule G.

The Trustee hereby reserves all of his and the estates' rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease, and the Trustee reserves all rights in that regard, including, without

6

limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

**Specific Disclosures with Respect to the Debtors' Statements**

    1.    ***Statement 3.***  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement Question 4) and employee payroll and benefits. The amounts listed in Statement 3 reflect the Debtors' disbursements at check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

    2.    ***Statement 4.***  Statement 4 includes Debtors' intercompany transactions, as well as other transfers to insiders as applicable. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance. Further information is provided in response to Statement Question 30. Amounts paid on behalf of such employee for certain life and disability coverage, which coverage was provided to all of the Debtors' former employees, have not been included.

    3.    ***Statement 6.***  The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, negotiations, or disputes between Debtors and their customers regarding regulatory or governmental imposition costs incurred by Debtors, and other disputes between the Debtors and their customers or suppliers. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Trustee to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are excluded from Statement 6. In addition, some amounts listed on the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Trustee is not yet aware. The Trustee reserves all of his and the estates' rights to challenge any setoff and/or recoupment rights that may be asserted.

    4.    ***Statement 11.***  Out of an abundance of caution, the Trustee has included payments to all professionals who have provided consultation regarding debt or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date or rendered any advice related to the Debtors' bankruptcy proceedings in Statement 11. However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services, and may include services rendered to other parties.

The Trustee has listed all payments, whether or not they relate to bankruptcy matters, made to professionals retained by the Trustee that the Trustee consulted about debt consolidation or restructuring. Additional information regarding the Trustee's retention of professional service firms is more fully described in the individual retention applications for those firms.

218449486v1

**Fill in this Information to Identify the case:**

Debtor name   Clio Intermediate, LLC

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   20-10081-BLS

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

   Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☑ Schedule H: Codebtors (Official Form 206H)
☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule
☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
☐ Other document that requires a declaration    **Corporate Ownership Statement & Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 29, 2020**        X /s/ Alfred T. Giuliano
                                        Signature of individual signing on behalf of debtor

                                        **Alfred T. Giuliano**
                                        Printed name

                                        **Chapter 7 Trustee**
                                        Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name: **Clio Intermediate, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **20-10081-BLS**

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*............................................................................................................ $ 0.00

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*.......................................................................................................... $ 0.00

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*............................................................................................................ $ 0.00

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*.................... $ 25,490,433.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................................... $ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................. +$ 0.00

4. **Total liabilities**
Lines 2 + 3a + 3b                                                                                                                                       $ 25,490,433.00

**Fill in this information to identify the case:**

Debtor name   Clio Intermediate, LLC

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   20-10081-BLS

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:   Cash and cash equivalents**

1. Does the debtor have any cash or cash equivalents?

   ■ No. Go to Part 2.
   ☐ Yes Fill in the information below.
   All cash or cash equivalents owned or controlled by the debtor                                        Current value of debtor's interest

**Part 2:   Deposits and Prepayments**

6. Does the debtor have any deposits or prepayments?

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

**Part 3:   Accounts receivable**

10. Does the debtor have any accounts receivable?

    ■ No. Go to Part 4.
    ☐ Yes Fill in the information below.

**Part 4:   Investments**

13. Does the debtor own any investments?

    ☐ No. Go to Part 5.
    ■ Yes Fill in the information below.

|  |  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

14.  Mutual funds or publicly traded stocks not included in Part 1
     Name of fund or stock:

15.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture
     Name of entity:                                   % of ownership

     15.1.  See Part 4 Question 15                           %                                       $0.00

---

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                     page 1

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                            Best Case Bankruptcy

Debtor   Clio Intermediate, LLC                                    Case number *(If known)* 20-10081-BLS
         Name

16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1
    Describe:

17. **Total of Part 4.**                                                                                    $0.00
    Add lines 14 through 16. Copy the total to line 83.

### Part 5: Inventory, excluding agriculture assets
18. Does the debtor own any inventory (excluding agriculture assets)?

■ No. Go to Part 6.
☐ Yes Fill in the information below.

### Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)
27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

■ No. Go to Part 7.
☐ Yes Fill in the information below.

### Part 7: Office furniture, fixtures, and equipment; and collectibles
38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

■ No. Go to Part 8.
☐ Yes Fill in the information below.

### Part 8: Machinery, equipment, and vehicles
46. Does the debtor own or lease any machinery, equipment, or vehicles?

■ No. Go to Part 9.
☐ Yes Fill in the information below.

### Part 9: Real property
54. Does the debtor own or lease any real property?

■ No. Go to Part 10.
☐ Yes Fill in the information below.

### Part 10: Intangibles and intellectual property
59. Does the debtor have any interests in intangibles or intellectual property?

■ No. Go to Part 11.
☐ Yes Fill in the information below.

### Part 11: All other assets
70. Does the debtor own any other assets that have not yet been reported on this form?
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No. Go to Part 12.
☐ Yes Fill in the information below.

Debtor   Clio Intermediate, LLC
         Name

Case number (if known) 20-10081-BLS

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. *Copy line 5, Part 1* | $0.00 | |
| 81. Deposits and prepayments. *Copy line 9, Part 2.* | $0.00 | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $0.00 | |
| 83. Investments. *Copy line 17, Part 4.* | $0.00 | |
| 84. Inventory. *Copy line 23, Part 5.* | $0.00 | |
| 85. Farming and fishing-related assets. *Copy line 33, Part 6.* | $0.00 | |
| 86. Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | $0.00 | |
| 87. Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $0.00 | |
| 88. Real property. *Copy line 56, Part 9.*................> | | $0.00 |
| 89. Intangibles and intellectual property. *Copy line 66, Part 10.* | $0.00 | |
| 90. All other assets. *Copy line 78, Part 11.* | + $0.00 | |
| 91. Total. Add lines 80 through 90 for each column | $0.00  + 91b. | $0.00 |
| 92. Total of all property on Schedule A/B. Add lines 91a+91b=92 | | $0.00 |

**Fill in this information to identify the case:**

Debtor name: Clio Intermediate, LLC

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): 20-10081-BLS

☐ Check if this is an amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property
12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:** List Creditors Who Have Secured Claims

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| 2.1 Citizen Bank NA<br>Creditor's Name<br>45 Dan Rd # 210<br>Canton, MA 02021<br>Creditor's mailing address<br>David.Stack@citizensbank.com<br>Creditor's email address, if known<br>Date debt was incurred<br>Last 4 digits of account number<br>Do multiple creditors have an interest in the same property?<br>☑ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | Describe debtor's property that is subject to a lien<br>**All Asset Lien**<br><br>Describe the lien<br>**Security Agreement and filed UCC 1**<br>Is the creditor an insider or related party?<br>☑ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>☐ No<br>☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H)<br><br>As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $25,490,433.00 | $0.00 |
| 2.2 F.N.B. Capital Partners, L.P.<br>Creditor's Name<br>6031 Wallace Road Ext.<br>Suite 100<br>Wexford, PA 15090<br>Creditor's mailing address<br>Creditor's email address, if known<br>Date debt was incurred<br>Last 4 digits of account number<br>Do multiple creditors have an interest in the same property? | Describe debtor's property that is subject to a lien<br><br>Describe the lien<br>**Security Agreement and filed UCC 1**<br>Is the creditor an insider or related party?<br>☑ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>☑ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)<br><br>As of the petition filing date, the claim is:<br>Check all that apply | Unknown | $0.00 |

Official Form 206D                Schedule D: Creditors Who Have Claims Secured by Property                page 1 of 2

| Debtor | Clio Intermediate, LLC | Case number (if known) | 20-10081-BLS |
|---|---|---|---|
| | Name | | |

■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

☐ Contingent
☐ Unliquidated
■ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.   $25,490,433.00

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name: Clio Intermediate, LLC

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): 20-10081-BLS

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims       12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. |
|---|---|---|
| | | ☐ Contingent |
| | | ☐ Unliquidated |
| | Date or dates debt was incurred _____ | ☐ Disputed |
| | Last 4 digits of account number _____ | Basis for the claim: _____ |
| | | Is the claim subject to offset? ☐ No ☐ Yes |

### Part 3: List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 0.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 0.00 |

**Fill in this information to identify the case:**

Debtor name __Clio Intermediate, LLC__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) __20-10081-BLS__

☐ Check if this is an amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases 12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. Does the debtor have any executory contracts or unexpired leases?

    ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

| Debtor | Clio Intermediate, LLC | Case number (if known) | 20-10081-BLS |

**Additional Page to List More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| 2.6 | Premier Surfaces Acquisition, LLC | 845 McFarland Parkway<br>Alpharetta, GA 30004 | F.N.B. Capital Partners, L.P. | ☐ D<br>☐ E/F<br>☐ G |
| 2.7 | Solid Surfaces, Inc. | 1 Townline Circle<br>Rochester, NY 14623 | Citizen Bank NA | ☐ D<br>☐ E/F<br>☐ G |
| 2.8 | Solid Surfaces, Inc. | 1 Townline Circle<br>Rochester, NY 14623 | F.N.B. Capital Partners, L.P. | ☐ D<br>☐ E/F<br>☐ G |
| 2.9 | Top Master Acquisition, LLC | 4525 NW 41st St.<br>Suite 400<br>Riverside, MO 64150 | Citizen Bank NA | ☐ D<br>☐ E/F<br>☐ G |
| 2.10 | Top Master Acquisition, LLC | 4525 NW 41st St.<br>Suite 400<br>Riverside, MO 64150 | F.N.B. Capital Partners, L.P. | ☐ D<br>☐ E/F<br>☐ G |
| 2.11 | USM Acquisition, LLC | 7839 Costabella Ave<br>Remus, MI 49340 | Citizen Bank NA | ☐ D<br>☐ E/F<br>☐ G |
| 2.12 | USM Acquisition, LLC | 7839 Costabella Ave<br>Remus, MI 49340 | F.N.B. Capital Partners, L.P. | ☐ D<br>☐ E/F<br>☐ G |

# PART 4 QUESTION 15

| Clio Intermediate Holdings | Case # | 20-10081 | |
|---|---|---|---|
| Name of Entity | % of ownership | Case # | Fed Id # |
| Topp Mast Acquisition LLC | 100% | 20-10082 | 81-4192670 |
| Granite Source Acquisition LLC | 100% | 20-10084 | 36-4841334 |
| Solid Surfaces, Inc | 100% | 20-10086 | 16-1377057 |
| USM Acquisitions, LLC | 100% | 20-10087 | 81-4808119 |
| Premier Surfaces Acquisition | 100% | 20-10088 | 82-1004563 |