# **EXHIBIT A**

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLIO HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10080 (BLS)<br>(Jointly Administered) |

## STIPULATION OF SETTLEMENT BY AND AMONG
## CHAPTER 7 TRUSTEE, C & C NORTH AMERICA, INC., CITIZENS BANK, NA, AS AGENT TO PRE-PETITION LENDERS, AND KC SOLID SURFACES, LLC

This Stipulation of Settlement (the "**Stipulation**") is entered into by and among (a) Alfred T. Giuliano, the chapter 7 trustee (the "**Trustee**") of the bankruptcy estates (the "**Estates**") of Clio Holdings, LLC and its affiliated debtors (collectively, the "**Debtors**"), (b) C & C North America, Inc. dba Consentino North America. ("**C&C**"), (c) Citizens Bank, NA; and (d) KC Solid Surfaces, LLC ("**KC**") ("**Citizens**" and with C&C and the Trustee, the "**Parties**") in its capacity as agent for the pre-petition senior secured lenders.

WHEREAS, on January 15, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), thereby commencing these chapter 7 bankruptcy cases; and

WHEREAS, on January 15, 2020, the Trustee was appointed as chapter 7 trustee of the Estates pursuant to section 701(a) of the Bankruptcy Code; and

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Clio Holdings, LLC (7850); Clio Intermediate, LLC (2791); Top Master Acquisition, LLC (2670); Granite Source Acquisition, LLC (1334); Solid Surfaces, Inc. (7057); USM Acquisition, LLC (8119); Premier Surfaces Acquisition, LLC (4563).

73662062.1

WHEREAS, prior to the Petition Date, the Debtors were companies engaged in the business of selling, fabricating and installing countertops. The Debtors operated in four geographic regions: the Mid-Atlantic (Granite Source Acquisition LLC – Virginia), the Midwest (Top Master Acquisition LLC – Iowa, Kansas, Minnesota, Missouri, and Nebraska; USM Acquisition, LLC – Michigan, Tennessee; Clio Holdings LLC – Minnesota), the Northeast (Solid Surfaces, Inc. – New York), and the Southeast (Premier Surfaces Acquisition LLC – Alabama, Georgia, and Tennessee), with several warehouses, several fabrication locations, and various store-fronts in approximately 17 locations; and

WHEREAS, on March 21, 2020, C&C filed a Proof of Claim against debtor Top Master Acquisition, LLC in an amount of not less than $443,313.24, of which $24,461.43 was alleged to be secured by valid, perfected, first priority liens and security interests in certain inventory provided by C&C to the Debtor [Proof of Claim #43] (the "**C&C Claim**"); and

WHEREAS, on May 6, 2020, the Trustee filed the *Motion of the Chapter 7 Trustee, for Entry of an Order Under §§ 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 (I) Approving the Sale of Certain Assets of the Debtors to KC Solid Surfaces, LLC; (II) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts; (III) Approving the Assumption and Assignment of Executory Contracts; and (IV) Granting Related Relief* (the "**Sale Motion**") [Dkt. No. 146], seeking approval of that certain Purchase Agreement as defined in the Sale Motion; and

WHEREAS, on May 27, 2020, the Court entered *Order Pursuant to §§ 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 (I) Approving the Sale of Certain Assets of the Debtors to KC Solid Surfaces, LLC; (II) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts; (III) Approving the*

*Assumption and Assignment of Executory Contracts; and (IV) Granting Related Relief* ("**Sale Order**")[Docket No. 158]; and

WHEREAS, after good faith and arms' length negotiations between the Parties, the Parties have agreed to a settlement upon which the Trustee has agreed to pay, and KC has agreed to allocate, $12,000.00 on account of the C&C inventory subject to the alleged first priority liens and security interests (the "**Settlement**");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, in consideration of the mutual promises contained in this Stipulation and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, that:

1. The terms of this Stipulation, and the effectiveness thereof, including, without limitation, any releases contained herein, are contingent upon the finality of an order approving this Stipulation by the Court. The Trustee shall promptly file a motion seeking approval of this Stipulation.

2. Upon approval of the Stipulation, KC shall allocate $12,000.00 on account of the C&C inventory subject to the alleged first priority liens and security interests. KC's allocation of the purchase price herein does not grant Citizens, C&C or the Trustee any rights or claims against the assets that were sold as approved under the Sale Order or against KC or its property. For the avoidance of doubt, KC's allocation is of the previous paid purchase price and is not additional consideration paid by KC to the Trustee, Citizens or CC.

3. Upon approval of the Stipulation, Citizens shall waive any claim to priority with regard to the allocated $12,000.00.

4. Upon approval of the Stipulation, C&C waives and releases any remaining claim on account of the $24,461.43 alleged to be secured by the C&C Claim.

5. Within 10 business days of approval of an order approving the Stipulation the Trustee shall pay C&C the $12,000.00 in full satisfaction of the allegedly secured portion of the C&C Claim.

6. The Trustee on behalf of the Debtors and their bankruptcy estates, reserves the right to object to any remaining claims of C&C and to enforce this Stipulation.

7. After the execution of this Stipulation by each of the Parties and their respective counsel, the Trustee, by his undersigned counsel, shall file this Stipulation with the Court seeking to have this Stipulation and the settlement reflected herein approved by an order of the Court (the "**Approval Order**").

8. This Stipulation shall be governed and construed in accordance with the internal laws of the State of Delaware, without regard to principles of conflicts of laws, except to the extent that provisions of the Bankruptcy Code and/or other provisions of the United States Code are applicable. The Parties agree that this Court shall retain jurisdiction to enforce this Stipulation in accordance with the terms thereof.

9. This Stipulation, together with any other documents referred to herein, constitutes the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof.

10. This Stipulation supersedes all prior agreements, if any, (provided, for the avoidance of doubt, it does not supersede the Purchase Agreement approved under the Sale Order) and cannot be amended, supplemented or modified, nor may any provision hereof be

waived, except by a written instrument executed by the Party against whom enforcement of such amendment, supplement, modification or waiver is sought.

11. The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation.

12. The Parties hereto represent and warrant to each other that the signatories to this Stipulation are authorized to execute this Stipulation; that each has power and authority to execute this Stipulation; and that this Stipulation is duly executed and delivered and, subject to the Approval Order becoming final, shall constitute a valid and binding agreement upon the Parties in accordance with its terms.

13. This Stipulation may be signed by the Parties and/or their respective counsel in counterpart originals and by electronic mail signature, by PDF and/or by facsimile signature, all of which shall be deemed to constitute collectively one original executed version of the Stipulation.

Dated: February 25, 2021
       Wilmington, Delaware

| **ARCHER & GREINER, P.C.** | **DYKEMA GOSSETT PLLC** |
|---|---|
| *Counsel for Chapter 7 Trustee* | *Counsel to C & C North America, Inc.* |
| /s/ *David W. Carickhoff* | /s/ *Jonathan Aberman* |
| David W. Carickhoff (No. 3715) | Jonathan Aberman |
| Kevin F. Shaw (No. 6239) | 10 South Wacker Drive |
| 300 Delaware Avenue, Suite 1100 | Suite 2300 |
| Wilmington, DE 19801 | Chicago, IL 60606 |
| Tel: (302) 777-4350 | Tel: (312) 627-2515 |
| Fax: (302) 777-4352 | E-mail: JAberman@dykema.com |
| E-mail: dcarickhoff@archerlaw.com | |
|         kshaw@archerlaw.com | |

73662062.1                                                          5

| | |
|---|---|
| **Polsinelli PC** <br> *Counsel to KC Solid Surfaces, LLC* <br><br> <u>*/s/ Andrew Nazar*</u> <br> Andrew Nazar <br> 900 W. 48th Street <br> Kansas City, MO 64112 <br> Tel.: (816) 395-0641 <br> E-mail: anazar@polsinelli.com | **VARNUM LLP** <br> *Counsel to Citizens Bank, NA* <br><br> <u>*/s/ Brendan G. Best*</u> <br> Brendan G. Best <br> 160 West Fort Street, Fifth Floor <br> Detroit, MI 48266 <br> Tel.: (313) 481-7326 <br> Fax: (313) 481-7340 <br> E-mail: bgbest@varnumlaw.com |

218791404v3