## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| CLIO HOLDINGS, LLC, *et al.*,[1] | ) |
| Debtors. | ) Case No. 20-10080 (BLS) |
| | ) (Jointly Administered) |
| ALFRED T. GIULIANO, solely in his capacity as Chapter 7 Trustee of Clio Holdings, LLC, *et al.*, | ) |
| Plaintiff, | ) Adv. Pro. No. |
| v. | ) |
| LX HAUSYS AMERICA, INC. d/b/a LG HAUSYS AMERICA, INC., | ) |
| Defendant. | ) |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Alfred T. Giuliano, solely in his capacity as the chapter 7 trustee (the "Trustee" or the "Plaintiff") for the estates of Clio Holdings, LLC, *et al.* (collectively, the "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover preferential and/or fraudulent transfers and to disallow any claims held by LX HAUSYS AMERICA, INC. d/b/a LG HAUSYS AMERICA, INC. (the "Defendant"). In support of this Complaint, Plaintiff alleges as follows:

---

[1] The Debtors in these chapter 7 cases, along with their case numbers and last four digits of the federal tax identification number for each of the Debtors, where applicable are: Clio Holdings, LLC (Case No. 20-10080 (BLS), tax id. no. 7850); Clio Intermediate, LLC (Case No. 20-10081 (BLS), tax id. no. 2791); Top Master Acquisition, LLC (Case No. 20-10082 (BLS), tax id. no. 2670); Granite Source Acquisition, LLC (Case No. 20-10084 (BLS), tax id. no. 1334); Solid Surfaces, Inc. (Case No. 20-10086 (BLS), tax id. no. 7057); USM Acquisition, LLC (Case No. 20-10087 (BLS), tax id. no. 8119); and Premier Surfaces Acquisition, LLC (Case No. 10088 (BLS), tax id. no. 4563).

**NATURE OF THE CASE**

1.     Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential and/or fraudulent transfers of property that occurred during the ninety-day period prior to the commencement of the Debtors' bankruptcy cases, pursuant to sections 547, 548 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.     In addition, the Plaintiff seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that the Defendant has filed or asserted against the Debtors' estates. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason.

**JURISDICTION AND VENUE**

3.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.     This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders with respect to the relief sought herein.

5.     Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

6.     Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

7.      The Trustee is the duly appointed Chapter 7 Trustee for the Debtors and the

Debtors' estates.

8.      Upon information and belief, Defendant is, and at all relevant times was, a vendor

or creditor that provided goods and/or services to or for the Debtors.

9.      Upon information and belief, Defendant has an address of 900 Circle 75 Parkway,

Suite 1500, Atlanta, Georgia 30339.

## FACTUAL ALLEGATIONS

10.     On January 15, 2020 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby

commencing the Debtors' chapter 7 bankruptcy cases (the "Chapter 7 Cases").

11.     On the Petition Date, the Trustee was appointed as Chapter 7 Trustee.

12.     On January 24, 2020, the Bankruptcy Court entered an order providing for the

joint administration of the Chapter 7 Cases for procedural purposes only, with Case No. 20-

10080 (BLS) (Clio Holdings, LLC, *et al.*) designated as the lead case [D.I. 13].

13.     On February 5, 2020, a meeting of creditors was held pursuant to section 341(a)

of the Bankruptcy Code.

14.     On April 30, 2020, each of the Debtors filed its Schedules of Assets and

Liabilities and Statements of Financial Affairs [D.I. 129, 130, 131, 132, 133, 134, 135, 136, 137,

138, 139, 140, 141, 142, 143].

15.     Prior to the Petition Date, the Debtors were companies engaged in the business of

selling, fabricating and installing countertops and operated in four geographic regions, including:

(a) the Mid-Atlantic, through Granite Source Acquisition LLC ("Granite Source"); (b) the

Midwest, through Top Master Acquisition LLC ("Top Master"), USM Acquisition, LLC ("US Marble"), and Clio Holdings LLC ("Clio Holdings"); (c) the Northeast, through Solid Surfaces, Inc. ("Solid Surfaces"); and (d) the Southeast, through Premier Surfaces Acquisition LLC ("Premier Surfaces").  The Debtors' operations included several warehouses, fabrication locations and various store-fronts in approximately 17 locations.

16.    Clio Holdings, Clio Intermediate, LLC ("Clio Intermediate"), Top Master, Granite Source, US Marble and Premier Surfaces are each Delaware entities.  Solid Surfaces is a New York entity.  The Debtors are all affiliates.

17.    Upon information and belief, each of the Debtors was insolvent during the one-year period prior to the Petition Date. Each of the Debtors, other than Clio Holdings, was directly obligated under a certain pre-petition loan agreement entered in November 2016 with certain senior lenders who assert liens on substantially all of the Debtors' assets.  Clio Holdings, while not a direct obligor of the Debtors' indebtedness owing to senior lenders, pledged substantially all of its assets as collateral under the loan agreement.  As of the Petition Date, the Debtors' senior pre-petition lenders asserted senior secured claims in excess of $25 million.  Pursuant to the Debtors' Schedules, each of the Debtors' total liabilities (including secured and unsecured obligations) exceeds total assets as of the Petition Date.  Upon information and belief, it is anticipated that after the liquidation of the Debtors' assets, the senior lenders will have an unsecured deficiency claim in the millions of dollars.

**PRE-PETITION DATE TRANSFERS**

18.    During the ninety days before the Petition Date, that is between October 17, 2019 and January 15, 2020 (the "Preference Period"), the Debtors continued to operate their business and made certain transfers of money to, among others, vendors and service providers.

19.     Upon information and belief, during the course of their relationship, the Defendant and the Debtors entered into agreements for the purchase of goods and/or services by the Debtors from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements").

20.     During the Preference Period, the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of the Defendant through payments and other credits aggregating not less than the amount set forth on Exhibit A hereto (each a "Transfer" and collectively, "Transfers").  The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

21.     Plaintiff is seeking to avoid all of the Transfers and any other unknown transfers of interests of the Debtors' property made by the Debtors to the Defendant within the Preference Period.

22.     Prior to Plaintiff filing this Complaint, Plaintiff performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

23.     Plaintiff conducted a preliminary review of the Debtors' books and records to determine whether certain pre-petition transfers qualified as preferential transfers.  Plaintiff reviewed, *inter alia*, the Debtors' Schedules, available books and records of the Debtors, and any proofs of claim filed by Defendant.

24.     On or about October 19, 2021, Plaintiff sent a letter to Defendant requesting that Defendant respond and provide support for any defenses to avoidance of the Transfers.  Plaintiff and his advisors reviewed all material provided in response, if any, as well as any other reasonably available information, and based thereon, Plaintiff has determined that he may avoid the Transfers, or a portion thereof, even after consideration of any statutory defenses available

under section 547(c) the Bankruptcy Code.

25.     Prior to the filing of this Complaint, counsel to the Trustee and counsel for the Defendant engaged in informal discussions regarding the Transfers.  The Trustee and Defendant exchanged information and defenses and entered into tolling agreements to extend the Trustee's deadline to file a complaint.

26.     Pursuant to section 547(g), Defendant bears the ultimate burden of proof on any affirmative defense to the Transfers.  Plaintiff does not concede the validity of any defense, reserves all rights in connection therewith and leaves Defendant to its burden.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

27.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28.     During the Preference Period, the Debtors made Transfers to or for the benefit of the Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

29.     Each Transfer was made from the Debtors, and constituted transfers of an interest in property of the Debtors.

30.     The Defendant was a creditor of the Debtors at the time of each Transfer by virtue of supplying goods and/or services to the Debtors for which the Debtors were obligated to pay in accordance with the Agreements.

31.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to the Defendant.

32.     Each Transfer was made for, or on account of, an antecedent debt owed by the Debtors to the Defendant before the Transfers were made.

33.     Each Transfer was made while the Debtors were insolvent.  Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

34.     As a result of each Transfer, the Defendant received more than the Defendant would have received (i) through these Chapter 7 Cases; (ii) if the Transfers had not been made; and (iii) if the Defendant received payments on account of such debt under the provisions of the Bankruptcy Code.

35.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

### Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36.     Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

37.     To the extent that one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was an advance or prepayment for goods and/or services, which were never provided or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such Transfer(s), and/or was a debt incurred by an entity other than the paying Debtor but paid for by another Debtor, Plaintiff pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for the Transfers; and the Debtors: (a) were insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers; (b) were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or (c) intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

38.     Based the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

### Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

39.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

40.     Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B).

41.     The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

42.     Pursuant to 11 U.S.C.§ 550(a), the Plaintiff is entitled to recover from the Defendant the Transfer, plus interest thereon to the date of payment and the costs of this action.

### Fourth Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d))

43.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

44.     The Defendant is a transferee of the Transfers under sections 547 or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

45.     The Defendant has not paid the amount of the Transfer, or turned over such property, for which the Defendant is liable under 11 U.S.C. § 550.

46.     Pursuant to 11 U.S.C. § 502(d), any and all claims of the Defendant and/or its assignee, against the Debtors' estates must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

## RESERVATION OF RIGHTS

47.     During the course of this proceeding, Plaintiff may learn through discovery or otherwise of additional transfers made to the Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code.  It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of the Defendant or any other transferee.  Plaintiff reserves his rights to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendant as follows:

A.      Avoiding the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B);

B.      Allowing the recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a);

C.      Disallowing any claims held by the Defendant against the Debtors' estates until the Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d);

D.      Awarding interest from the date of the Complaint;

E.      Awarding fees and costs; and

F.      Such other and further relief as this Court may deem just and proper.

Dated: August 10, 2022
      Wilmington, Delaware

By:    /s/ David W. Carickhoff     
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Email: dcarickhoff@archerlaw.com
      aroot@archerlaw.com

- and -

Gerard DiConza
Lance A. Schildkraut
ARCHER & GREINER, P.C.
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 682-4940
Email: gdiconza@archerlaw.com
      lschildkraut@archerlaw.com

*Attorneys for Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee and Plaintiff*

**EXHIBIT A**
**Schedule of Transfers**

| Debtor | Payment # | Payment Date | Payment Amount |
|---|---|---|---|
| Premier Surfaces Acquisition, LLC | 12816 | 11/05/2019 | 14,619.00 |
| Premier Surfaces Acquisition, LLC | 12856 | 11/06/2019 | 15,466.38 |
| Premier Surfaces Acquisition, LLC | 12922 | 11/14/2019 | 19,096.96 |
| Premier Surfaces Acquisition, LLC | 12990 | 11/19/2019 | 22,126.40 |
| Premier Surfaces Acquisition, LLC | 13077 | 12/05/2019 | 19,171.89 |
| Premier Surfaces Acquisition, LLC | ACH replaces ck 13113 | 12/16/2019 | 2,532.91 |
| Premier Surfaces Acquisition, LLC | 13162 | 12/20/2019 | 8,933.61 |
| **TOTAL** | | | **$101,947.15** |

| Debtor | Payment # | Payment Date | Payment Amount |
|---|---|---|---|
| Top Master Acquisition, LLC | LG 10/22/19 | 10/24/2019 | 17,980.77 |
| Top Master Acquisition, LLC | LG 10/28/19 | 10/29/2019 | 39,448.58 |
| Top Master Acquisition, LLC | LG 11/5/19 | 11/06/2019 | 55,326.64 |
| Top Master Acquisition, LLC | LG 11/15/19 | 11/18/2019 | 44,409.10 |
| Top Master Acquisition, LLC | LG 11/21/19 | 11/22/2019 | 92,358.44 |
| Top Master Acquisition, LLC | LG 12/11/19 | 12/12/2019 | 36,389.50 |
| **TOTAL** | | | **$285,913.03** |

| Debtor | Payment # | Payment Date | Payment Amount |
|---|---|---|---|
| Solid Surfaces, Inc. | 9255 | 10/23/2019 | 8,841.34 |
| Solid Surfaces, Inc. | 9317 | 10/29/2019 | 3,079.70 |
| Solid Surfaces, Inc. | 9335 | 11/01/2019 | 3,997.78 |
| Solid Surfaces, Inc. | 9351 | 11/08/2019 | 13,300.00 |
| Solid Surfaces, Inc. | 9389 | 11/18/2019 | 15,481.20 |
| Solid Surfaces, Inc. | 9402 | 11/25/2019 | 6,715.00 |
| Solid Surfaces, Inc. | 9498 | 12/13/2019 | 8,391.22 |
| **TOTAL** | | | **$59,806.24** |